of which the case is capable, including the habits of deceased, and from any other facts and circumstances from which jury may find that he exercised such care.

2. DEATH, § 78*—*when verdict not sustained by the evidence.* In an action against an owner of a laundry to recover for death of an employe while cleaning a laundry wringer, verdict·in favor of plaintiff, *held* contrary to the weight of the evidence.

3. WITNESSES, § 131*—*when defendant incompetent in an action for wrongful death.* In an action for wrongful death, defendant held incompetent to testify whether he had talked with deceased or warned him with reference to the use of a machine.

4. INSTRUCTIONS, § 126*—*propriety of abstract instruction.* Instructions which are only abstract propositions of law not connected with the evidence in the case may be properly refused.

---

Henrietta Bertha Hunse, Administratrix, Appellee, v. Chicago Great Western Railway Company, Appellant.

Gen. No. 5,674. (Not to be reported in full.)

Appeal from the Circuit Court of DuPage county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1913. Reversed with finding of fact. Opinion filed August 2, 1913.

## Statement of the Case.

Action by Henrietta Bertha Hunse, administratrix of the estate of Henry A. Hunse, deceased, against the Chicago Great Western Railway Company, to recover damages for the benefit of the next of kin of the deceased for the death of deceased resulting from being struck by defendants train at a highway crossing. From a judgment in favor of plaintiff for two thousand one hundred and forty-two dollars, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; EDWARD W. EVERETT and J. SIDNEY CONDIT, of counsel.

CHILDS & CHILDS, for appellee.

MR. PRESIDING JUSTICE WHITNEY delivered the opinion of the court.

## Abstract of the Decision.

1. DEATH, § 78*—*sufficiency of the evidence.* In an action for death of deceased resulting from being struck by a train while driving over a highway crossing, the evidence *held* insufficient to sustain verdict for plaintiff.

2. RAILROADS, § 667*—*duty to look and listen at railroad crossings.* Failure of a person approaching a railroad crossing upon a highway to look and listen precludes recovery for personal injuries when a reasonably prudent man so situated would look and listen.

---

Benjamin D. Herrick, Defendant in Error, v. Lizzie Grove Ryan et al., Plaintiffs in Error.

Gen. No. 5,707.   (Not to be reported in full.)

Error to the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed August 2, 1913.

## Statement of the Case.

Bill for partition by Benjamin D. Herrick against Lizzie Grove Ryan and others. From an order denying a motion to retax costs, after sale of the property, defendant appeals.

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.